LexisNexis Total Research System

Switch Client | Preferences | Feedback | Sign Off | ? Help

Search | Research Tasks | Search Advisor | Get a Document | Shepard's®

Practice Area Pages | ECLIPSE | History

FOCUS™ Terms [               ]  Go →  FOCUS Options...

View: Full | Custom          ◄ 1 of 1 ►          Print | Download | Fax | Email | Text Only
More Like This | More Like Selected Text | Shepardize® | TOA

✚ Ketchum v. Prudential-Bache Secur., Inc., 710 F. Supp. 300        Pages: 10

Service: Get by LEXSEE®
Citation: 710 fsupp 300

710 F. Supp. 300, *; 1989 U.S. Dist. LEXIS 3360, **;
Fed. Sec. L. Rep. (CCH) P94,780

LYNN D. KETCHUM, Plaintiff, v. PRUDENTIAL-BACHE SECURITIES, INC., and PATRICK KEEL, Defendants; LYNN D. KETCHUM, Plaintiff, v. ALMAHURST BLOODSTOCK, IV, et al., Defendants; LYNN D. KETCHUM, Plaintiff, v. SPENDTHRIFT THOROUGHBRED BREEDING NO. 1, et al., Defendants

Civil Action Nos. 86-2535, 86-2498, 86-2523

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

710 F. Supp. 300; 1989 U.S. Dist. LEXIS 3360; Fed. Sec. L. Rep. (CCH) P94,780

March 30, 1989, Decided

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant securities and companies filed a motion for confirmation of an arbitration award in its entirety. Plaintiff individual filed a motion for partial confirmation of the arbitration award and filed a motion for an award of costs.

**OVERVIEW:** The court granted one of the defendant's motions to compel arbitration of plaintiff's claims. After the arbitration award was issued, the parties filed motions for partial confirmation of the awards. Plaintiff argued that only portions of the award should have been confirmed because the arbitrators imperfectly executed their powers by failing to explain their disposition of plaintiff's claims and because the arbitrators acted in manifest disregard of state and federal securities laws. The court found that the arbitrators were only required to include a statement with the award. The court also found that plaintiff offered no evidence that made the arbitrators' manifest disregard of the law clearly apparent. The court determined that there was no precedential support for partial confirmation of the arbitration award. Therefore, the court granted defendants' motion for confirmation. The court also held that plaintiff was not entitled to an award for costs.

**OUTCOME:** The court granted defendants' motion for confirmation and denied plaintiff's motions for partial confirmation and for costs.

**CORE TERMS:** arbitrator, arbitration award, confirmation, arbitration, manifest, vacated, total sum, unfavorable, favorable, corrected, vacating, modified, vacation, vacate, Securities Arbitration Rule, statutory basis, confirm, Federal Arbitration Act, imperfectly, depositions, photocopies, evident, motion to compel arbitration, federal securities, failure to explain, case law, impropriety, disregarded, expert witness fees, promissory note

LexisNexis(R) Headnotes ◆ Hide Headnotes

EXHIBIT A

Civil Procedure > Alternative Dispute Resolution > Judicial Review

**HN1** Section 9 of the Federal Arbitration Act provides in pertinent part that if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of the title (9 U.S.C.S. §§ 10, 11). If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. 9 U.S.C.S. § 9. More Like This Headnote

Civil Procedure > Alternative Dispute Resolution > Judicial Review

**HN2** A confirmation proceeding under 9 U.S.C.S. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act. The burden is on a plaintiff to prove that the unfavorable portions of the award should be vacated, modified, or corrected, as provided in sections 10 and 11 of the Federal Arbitration Act. More Like This Headnote

Civil Procedure > Alternative Dispute Resolution > Judicial Review

**HN3** Only clear evidence of impropriety justifies the denial of summary confirmation of an arbitration award. More Like This Headnote

Civil Procedure > Alternative Dispute Resolution > Judicial Review

**HN4** Section 10 provides that an arbitration award may be vacated in the following situations: (a) Where the award was procured by corruption, fraud, or undue means. (b) Where there was evident partiality or corruption in the arbitrators, or either of them. (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. (e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators. 9 U.S.C.S. § 10. More Like This Headnote

Civil Procedure > Alternative Dispute Resolution > Judicial Review

**HN5** Section 11 provides that an arbitration award can be modified or corrected in the following situations: (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award. (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted. (c) Where the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C.S. § 11. More Like This Headnote

Civil Procedure > Alternative Dispute Resolution > Judicial Review

**HN6** Sec. Arbitration R. 42 provides that an award shall be in writing, signed by a majority  of the arbitrators, and shall include a statement regarding the disposition of any statutory claims. It shall be executed in the manner required by law. More Like This Headnote

Civil Procedure > Alternative Dispute Resolution > Judicial Review

**HN7** Sec. Arbitration R. 49 provides that all expenses of the arbitration, including required traveling and other expenses of the arbitrators, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrators, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrators in the award assess such expenses or any part thereof against any specified party or parties. More Like This Headnote

**COUNSEL:** [**1] Theodore C. Beckett, Don R. Lolli, Emmett J. McMahon, Beckett & Steinkamp, Kansas City, Missouri, Charles C. Rankin, Lawrence, Kansas, for Plaintiffs.

Brian J. Fowler, Field, Gentry, Benjamin & Robertson, P.C., Kansas City, Missouri, Robert P. Numrich, Field, Gentry, Nenjamin & Robertson, P.C., Overland Park, Kan., for Prudential-Bache Securities, Inc., Prudential-Bache Agriculture.

Laurence R. Tucker, Morris, Larson, King & Stamper, Kasas City, Missouri, William M. Modrcin, Overland Park, Kansas, for Defendants.

Patrick Keel, Pro Se.

**JUDGES:** Earl E. O'Connor, Chief United States District Judge.

**OPINIONBY:** O'CONNOR

**OPINION:** [*300] MEMORANDUM AND ORDER

EARL E. O'CONNOR, CHIEF UNITED STATES DISTRICT JUDGE.

This matter is before the court on various motions by the parties following the issuance of an arbitration award on January 13, 1989, which award resolved all issues in the above-captioned consolidated cases. n1 Defendants, except defendant Patrick [*301] Keel, move for confirmation of the arbitration award in its entirety, while plaintiff moves for confirmation of only that part of the arbitration award which was favorable to him; plaintiff moves to vacate the unfavorable portions of the award. n2 Plaintiff also moves for an award of costs in the amount of $ 19,791.53. The court has determined that oral argument would not assist in the disposition of these motions. D. Kan. Rule 206(d).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 On February 12, 1988, the court granted defendant Prudential-Bache Securities' motion to compel arbitration of plaintiff's 1934 Act claims and the pendent state law claims, but denied defendant Prudential's motion to compel arbitration of plaintiff's 1933 Act claims. Ketchum v. Almahurst Bloodstock IV, 685 F. Supp. 786, 797 (D. Kan. 1988). Following a Tenth Circuit opinion discussing Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 96 L. Ed. 2d 185, 107 S. Ct. 2332 (1987), in which the court stated that McMahon essentially overruled Wilko v. Swan, 346 U.S. 427, 98 L. Ed. 168, 74 S. Ct. 182 (1953), the court vacated that part of our February 12th Memorandum and Order regarding the non-arbitrability of 1933 claims. Reed v. Bear, Stearns & Co., Inc., 698 F. Supp. 835, 842-43 (D. Kan. 1988). Between our February 12th Memorandum and Order and our decision in Reed, all of the parties to this consolidated action, except defendant Patrick Keel, stipulated to the arbitration of all claims, including plaintiff's 1933 Act claims. Had the parties not stipulated to the arbitrability of plaintiff's 1933 Act claims, the court would have amended our February 12th Memorandum and Order to order all parties, including defendant Keel, to also arbitrate plaintiff's 1933 Act claims. [**2]

n2 Because plaintiff has moved to vacate portions of the award, his previous motions for severance, for stay and for an extension of time to respond to defendants' motion are now moot.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

I. Confirmation/Vacation of the Arbitration Award

**HN1** Section 9 of the Federal Arbitration Act provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the

arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [ 9 U.S.C. §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Paragraph 14 of the plaintiff's agreements with Prudential-Bache Securities states: "Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof, [**3] without notice to me." The court has determined that this statement is sufficient to evidence the agreement required by section 9. Furthermore, since both the plaintiff and the defendants (except for Patrick Keel) have moved for confirmation of the award, their conduct evidences the required agreement. See, e.g., I/S Stavborg v. National Metal Converters, Inc., 500 F.2d 424, 427 (2d Cir. 1974).

HN2 "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986); see also Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir. 1987) ("Absent a statutory basis for modification or vacatur, the district court's task [is] to confirm the arbitrator's final award as mandated by section 9 of the Act."). Thus, the burden is on the plaintiff to prove that the unfavorable portions of the award should be vacated, modified, or corrected, as provided in sections 10 and 11 of the Federal Arbitration Act. O.R. Securities, Inc. v. Professional Planning Associates, Inc., 857 F.2d 742, 748 (11th Cir. [**4] 1988); Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 707-08 (2d Cir. 1985), cert. denied, 475 U.S. 1067, 89 L. Ed. 2d 607, 106 S. Ct. 1381 (1986); Supermarkets General Corp. v. Local 919, United Food & Commercial Workers Union, 645 F. Supp. 831, 834 (D. Conn. 1986).

The statutory reasons for denying confirmation of an arbitration award are very narrowly drawn. HN3 "Only clear evidence of impropriety . . . justifies the denial of summary confirmation of an arbitration award." Ormsbee Development Co. v. Grace, 668 F.2d 1140, 1147 (10th Cir.), cert. denied, 459 U.S. 838, 74 L. Ed. 2d 79, 103 S. Ct. 84 (1982). HN4 Section 10 provides that an arbitration award may be vacated in the following situations:

[*302] (a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, [**5] and definite award upon the subject matter submitted was not made.

(e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C. § 10. HN5 Section 11 provides that an arbitration award can be modified or corrected in the following situations:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

Id. § 11.

The above-quoted statutes and the case law clearly indicate that judicial review of an award is severely limited. Bernhardt v. Polygraphic Co., 350 U.S. 198, 203, 100 L. Ed. 199, 76 S. Ct. 273 (1956); Wilko v. Swan, 346 U.S. 427, 436, 98 L. Ed. 168, 74 S. Ct. 182 (1953); Jenkins v. Prudential-Bache Securities, Inc., 847 F.2d 631, 632 (10th Cir. 1988). "Courts . . . do not sit to hear claims of factual or legal error [**6] by an arbitrator as an appellate court does in reviewing decisions of lower courts." United Paperworkers v. Misco, 484 U.S. 29, 37, 98 L. Ed. 2d 286, 299, 108 S. Ct. 364 (1987); Saxis Steamship Co. v. Multifacs International Traders, Inc., 375 F.2d 577, 582 (2d Cir. 1967). In determining whether to vacate an arbitration award, courts do not reweigh the merits of the movant's case, Misco, 98 L. Ed. 2d at 298, nor do they review the arbitrators' interpretation of the law. Stroh Container Co. v. Delphi Industries, Inc., 783 F.2d 743, 750 (8th Cir.), cert. denied, 476 U.S. 1141, 90 L. Ed. 2d 695, 106 S. Ct. 2249 (1986). Instead, courts review arbitration awards under the limited statutory standards quoted above. Additionally, some courts review arbitration awards under the judicially created "manifest disregard of the law" standard.

Plaintiff argues that those portions of the award relative to the Spendthrift and Almahurst defendants should be vacated under 9 U.S.C. § 10(d) because the arbitrators "imperfectly executed their powers" by failing to explain their disposition of plaintiff's federal and state statutory claims as required by Securities Arbitration Rule 42. Furthermore, plaintiff argues that these same portions of the award should [**7] be vacated because the arbitrators acted in manifest disregard of the Kansas and federal securities laws. Again, the plaintiff supports this argument by pointing to the arbitrators' failure to state the reasons for their decisions. Plaintiff's arguments are without merit.

HN6 Securities Arbitration Rule 42 provides: "The award shall be in writing, signed by a majority of the arbitrators, and shall include a statement regarding the disposition of any statutory claims. It shall be executed in the manner required by law." Plaintiff has seized upon the language "and shall include a statement regarding the disposition of any statutory claims" for his argument that the arbitrators are required to explain the reasons for their award and that their failure to do so resulted in the arbitrators imperfectly executing their powers. 9 U.S.C. § 10(d).

Plaintiff's argument fails for three reasons. First, plaintiff reads too much into [*303] this language. The rule does not mandate an explanation; it merely mandates a *statement* regarding the disposition of statutory claims. The arbitration award included such a statement in paragraph 3: "All other claims of Lynn D. Ketchum against all other respondents, [**8] including but not limited to all claims for damages and rescission, are denied." Second, case law undeniably establishes that arbitrators are *not* required to elaborate their reasoning in support of an award. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598, 4 L. Ed. 2d 1424, 80 S. Ct. 1358 (1960); O.R. Securities, 857 F.2d at 747; Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1102 n.6 (9th Cir.), cert. denied, 479 U.S. 949, 93 L. Ed. 2d 384, 107 S. Ct. 435 (1986); Stroh Container, 783 at 750; Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1211 & 1214 (2d Cir. 1972). A rule requiring arbitrators to explain their awards "would undermine the very purpose of arbitration, which is to provide a relatively quick, efficient and informal means of private dispute settlement." Sobel, 469 F.2d at 1214. Finally, even if the arbitrators violated Rule 42, such a violation does not warrant vacation of the award: the rules do not have the force of law and a rule violation is not one of the enumerated statutory bases for vacating an arbitration award. Merit Insurance Co. v. Leatherby Insurance Co., 714 F.2d 673, 680-81 (7th Cir.), cert. denied, 464 U.S. 1009, 78 L. Ed. 2d 711, 104 S. Ct. 529 (1983); see also [**9] 9 U.S.C. § 10.

In addition to his argument under section 10(d), plaintiff argues that the arbitrators' failure to explain their award evidences their "manifest disregard" of the Kansas and federal securities laws. This argument also fails. First, the Tenth Circuit has not adopted the "manifest disregard" standard. See Jenkins, 847 F.2d at 634. Second, even if the standard were applicable in this circuit, plaintiff has not offered any evidence to support a finding that the arbitrators manifestly disregarded the law. The Eighth Circuit recently discussed the "manifest disregard" standard in relation to an award that did not include an explanation:

> [Manifest] disregard must "be made clearly to appear," . . . and may be found "when arbitrators understand and correctly state the law, but proceed to disregard the same . . . ."
>
> The absence of express reasoning by the arbitrators [does not] support the conclusion that they disregarded the law . . . . To allow a court to conclude that it may substitute its own judgment for the arbitrator's whenever the arbitrator chooses not to explain the award would improperly subvert the proper functioning of the arbitral process.

Stroh Container, [**10] 783 F.2d at 750 (citations omitted). Plaintiff has not offered evidence which would make the arbitrators' manifest disregard of the law clearly apparent. Indeed, plaintiff essentially seeks to vacate the award merely because he objects to portions of it. Plaintiff's objections regarding the results of the arbitration proceedings and the arbitrators' failure to explain their reasoning are inadequate to support vacation of the unfavorable portions of the award on "manifest disregard of the law" grounds. O.R. Securities, 857 F.2d at 747; id.

By requesting confirmation of that portion of the award favorable to him, while at the same time requesting a vacation of those portions of the award unfavorable to him, plaintiff is asking to eat his cake and have it too. The court has found no precedential support for "partial" confirmation of an arbitration award. Indeed, the court finds the position plaintiff asserts to be untenable and quite incongruous: plaintiff moves the court to confirm the favorable portion of the award, thus implying that no statutory basis exists for vacating, modifying or correcting the award, yet plaintiff simultaneously moves the court to vacate the unfavorable [**11] portions of the award. As defendants stated in their responsive briefs, if the favorable portion of the arbitration award is acceptable and free of "clear evidence of impropriety," the same must be true of the unfavorable portion. By moving to confirm the favorable portion of the award, plaintiff has implicitly asserted [*304] that no statutory basis exists for vacating, modifying or correcting the award. Accordingly, the court has determined that plaintiff's motions for vacating those portions of the award involving the Spendthrift and Almahurst defendants must be denied, and defendants' motion for confirmation must be granted.

II. *Plaintiff's Motion for Costs*

As a final matter, plaintiff moves the court to include as a part of the award in his favor and against defendant Prudential-Bache costs in the amount of $ 19,791.53. According to the plaintiff, this amount was expended for depositions, photocopies and expert witness fees in preparation for the arbitration proceedings. HN7 Securities Arbitration Rule 49 provides:

> All expenses of the arbitration, including required traveling and other expenses of the arbitrators, AAA representatives, and any witness and the cost of any proof produced [**12] at the direct request of the arbitrators, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrators in the award assess such expenses or any part thereof

Get a Document - by Citation - 710 F.1 Supp. 300	Case 1:04-cv-12056-NG    Document 5-2    Filed 11/01/2004    Page 6 of 7	9/28/04 1:12 PM

against any specified party or parties.

Rule 49 does not authorize an award of costs for depositions, photocopies or expert witness fees, unless these items are "proof produced at the direct request of the arbitrators". Plaintiff offers no evidence that the arbitrators made requests for the Keel and Barnes depositions, the photocopies, or the testimony of the experts, nor does plaintiff cite to any other authority supporting an award of these costs. Consequently, the court finds no support for such an award and will deny plaintiff's motion.

IT IS THEREFORE ORDERED that plaintiff's motions to vacate those portions of the arbitration award involving the Spendthrift and Almahurst defendants are denied.

IT IS FURTHER ORDERED that plaintiff's motion for additional costs in the amount of $ 19,791.53 is denied.

IT IS FURTHER ORDERED that plaintiff's motions for severance, stay and extension are denied as moot.

IT IS FURTHER ORDERED that defendants' motion for confirmation of the arbitration award is granted. [**13] The clerk is directed to enter judgment as follows:

Plaintiff Lynn D. Ketchum shall have and recover from defendant Prudential-Bache Securities, Inc. and defendant Patrick Keel, jointly and severally, damages in the total sum of $ 127,137.50, which sum includes $ 36,325.00 in interest. In addition, plaintiff Lynn D. Ketchum shall have and recover from Prudential-Bache Securities, Inc., damages in the total sum of $ 33,699.22, which sum includes $ 9,116.20 in interest. This sum is predicated on Prudential-Bache's unauthorized transfer of the sum of $ 24,503.02 from plaintiff's account.

All other claims of plaintiff against all other defendants are denied.

Defendants Spendthrift Thoroughbred Breeding No. 1 and Spendthrift Management, Inc., shall have and recover from plaintiff Lynn D. Ketchum damages in the total sum of $ 99,678.26 on his promissory note, which sum includes $ 37,178.26 in interest. Additionally, defendants Spendthrift Thoroughbred Breeding No. 1 and Spendthrift Management, Inc. shall have and recover from plaintiff Lynn D. Ketchum and defendant Prudential-Bache Securities, Inc., jointly and severally, damages in the total sum of $ 33,226.09, which sum represents Spendthrift's [**14] reasonable attorneys' fees and costs.

Defendants Almahurst Bloodstock IV, Almahurst, Inc., and P.J. Baugh shall have and recover from plaintiff Lynn D. Ketchum damages in the total sum of $ 137,102.24 on his promissory note, which sum includes interest in the amount of $ 17,826.68 and reasonable attorneys' fees and costs in the total sum of $ 34,275.56.

Defendant Prudential-Bache Securities, Inc., shall pay all costs of arbitration, including fees and costs paid and payable to the American Arbitration Association and fees and costs paid and payable to the arbitrators. Defendant Prudential-Bache Securities shall reimburse all other parties [*305] for such fees and costs as have been advanced by them to the American Arbitration Association. Defendant Prudential-Bache Securities shall pay any outstanding fees and costs upon demand by the American Arbitration Association, which shall make such demand after receiving final statements from the arbitrators.

View: Full | Custom        ◄ 1 of 1 ►        Print | Download | Fax | Email | Text Only
More Like This | More Like Selected Text | Shepardize® | TOA

Ketchum v. Prudential-Bache Secur., Inc., 710 F. Supp. 300         Pages: 10

Service: Get by LEXSEE®
Citation: 710 fsupp 300
View: Full
Date/Time: Tuesday, September 28, 2004 - 1:09 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
△ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any Shepard's signal to Shepardize® that case.

Search | Research Tasks | Search Advisor | Get a Document | *Shepard's* ®
Eclipse ™ | History | Delivery Manager | Practice Area Pages | Switch Client | Preferences | Feedback | Sign Off | Help
About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.