# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

Daniel Russo, Individually, and as Trustee for Aegis International, Inc. Profit Sharing
Retirement Plan, Daniel D. Russo IRA, Daniel D. Russo c/f Jared D. Russo, Daniel D.
Russo c/f Joel R. Russo, and Daniel D. Russo c/f Daniel Russo, Jr. (Claimants) v. Fiserv
Securities, Inc., Federal Street Investments, Inc., Salomon Grey Financial Corp., and
Roger Blundell (Respondents)

<u>Case Number</u>: 02-06557                    <u>Hearing Site</u>: Boston, Massachusetts

Nature of the Dispute: Customers v. Members and Associated Person.

## REPRESENTATION OF PARTIES

Claimants Daniel Russo, Individually, ("D. Russo") and as Trustee for Aegis
International, Inc. Profit Sharing Retirement Plan ("Aegis"), Daniel D. Russo IRA ("D.
Russo IRA"), Daniel D. Russo c/f Jared D. Russo ("D. Russo c/f Jared Russo"), Daniel
D. Russo c/f Joel R. Russo ("D. Russo c/f Joel Russo"), and Daniel D. Russo c/f Daniel
Russo, Jr. ("D. Russo c/f Daniel Russo") hereinafter collectively referred to as
"Claimants":  Harry S. Miller, Esq., Perkins, Smith & Cohen, LLP, Boston, MA.

Respondent Fiserv Securities, Inc. ("Fiserv"):  Steven D. Plissey, Esq., Sherman &
Howard, LLC, Denver, CO.

Respondents Federal Street Investments, Inc. ("Federal Street") and Roger Blundell
("Blundell"):  Roger J. Blundell, Federal Street Investments, Inc., Boston, MA.

Respondent Salomon Grey Financial Corp. ("Salomon Grey"):  Austin Allen, Esq., Law
Offices of Austin Allen, Grand Prairie, TX.  Previously represented by:  Mark A. Rosen,
Esq., Manchel & Brennan, P.C., Newton, MA; Belinda Goss, Esq., Salomon Grey
Financial Corp., Dallas, TX.

Fiserv, Federal Street, Blundell, and Salomon Grey are hereinafter collectively referred to
as "Respondents".

## CASE INFORMATION

Statement of Claim filed on or about:  October 30, 2002.
Claimants' Opposition to Fiserv's Request to Dismiss Statement of Claim and Claimants'
Opposition to Respondents Federal Street's and Blundell's Motion to Dismiss filed on or
about:  June 27, 2003.



NASD Dispute Resolution
Arbitration No. 02-06557
<u>Award   Page 2 of 7</u>

Claimant D. Russo signed the Uniform Submission Agreement:  October 21, 2002.
Claimant Aegis signed the Uniform Submission Agreement:  October 21, 2002.
Claimant D. Russo IRA signed the Uniform Submission Agreement:  November 14, 2002.
Claimant D. Russo c/f Jared Russo signed the Uniform Submission Agreement: November 14, 2002.
Claimant D. Russo c/f Joel Russo signed the Uniform Submission Agreement: November 14, 2002.
Claimant D. Russo c/f Daniel Russo signed the Uniform Submission Agreement: November 14, 2002.

Request to Dismiss Statement of Claim and Answer filed by Respondent Fiserv on or about:  January 29, 2003.
Reply Supporting Request to Dismiss Statement of Claim filed by Respondent Fiserv on or about:  July 10, 2003.
Respondent Fiserv signed the Uniform Submission Agreement:  January 28, 2003.

Joint Statement of Answer filed by Respondents Federal Street and Blundell on or about: February 14, 2003.
Rebuttal to Claimants' Response to Motion to Dismiss filed by Federal Street and Blundell on or about:  July 10, 2003.
Respondent Federal Street signed the Uniform Submission Agreement:  February 18, 2003.
Respondent Blundell signed the Uniform Submission Agreement:  February 14, 2003.

Statement of Answer filed by Respondent Salomon Grey on or about:  February 3, 2003.
Respondent Salomon Grey did not sign the Uniform Submission Agreement.

## CASE SUMMARY

Claimants asserted the following causes of action:  unauthorized margin and option trading; unsuitable trading; failure to follow instructions; churning; breach of contract; breach of the covenant of good faith and fair dealing; breach of fiduciary duty; breach of a broker's duty of reasonable care; breach of a brokerage's duty to supervise and ensure compliance; negligent and intentional misrepresentation; fraud and deceit; negligence; violation of the Uniform Securities Act 410(b) and M.G.L. 110A(b); violations of state and federal securities laws; violations of state consumer protection laws; and violation of industry rules.  Claimants' claim involved various types of unspecified common stock, mutual funds, and options.

Unless specifically admitted in its Request to Dismiss the Statement of Claim and Answer, Respondent Fiserv denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

NASD Dispute Resolution
Arbitration No. 02-06557
<u>Award    Page 3 of 7</u>

Unless specifically admitted in their Answer, Respondents Federal Street and Blundell denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in its Answer, Respondent Salomon Grey denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

Claimants requested compensatory damages in the amount of $661,948.00; interest through the date of arbitration; costs; expenses and attorneys' fees; punitive damages; and other relief that the Panel may deem just and proper.

Respondent Fiserv requested that the claims against it be denied, and that it be awarded attorneys' fees, expert witness fees, and costs pursuant to its agreements with Claimant, and that other relief be granted as the Panel deems appropriate.

Respondents Federal Street and Blundell requested that the Arbitrators dismiss al claims against them and assess all NASD fees against Claimants.

Respondent Salomon Grey requested that the Arbitrators dismiss all claims against it and assess all NASD arbitration related fees against the Claimant.

## OTHER ISSUES CONSIDERED AND DECIDED

Respondent Salomon Grey did not file with NASD Dispute Resolution a properly executed Uniform Submission Agreement but is required to submit to arbitration pursuant to the Code and, having answered the claim, and appeared and testified at the hearing, is bound by the determination of the Panel on all issues submitted.

On or about June 24, 2004, NASD Dispute Resolution was notified that Claimants settled their claims with Respondents Fiserv, Federal Street, and Blundell.

On or about July 21, 2004, Respondent Salomon Grey filed with NASD Dispute Resolution a Motion to Reopen Testimony for the Purpose of Filing a Post-hearing Brief. After due consideration, the Panel denied the Motion.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, and the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination

NASD Dispute Resolution
Arbitration No. 02-06557
Award    Page 4 of 7

as follows:

1.  Respondent Salomon Grey is liable for and shall pay to Claimant D. Russo
    compensatory damages in the amount of $100,000.00.
2.  Respondent Salomon Grey is liable for and shall pay to Claimant D. Russo IRA
    compensatory damages in the amount of $50,000.00.

3.  Respondent Salomon Grey is liable for and shall pay to Claimant D. Russo attorneys'
    fees in the amount of $50,000.00 pursuant to page 27 of Claimants' Statement of
    Claim, 9 U.S.C. § 1 et seq.; Raytheon Co. v. Automated Business Sys., Inc. 882 F.2d
    6 (1st Cir. 1989); Hunt v. Mobil Oil Corp., 654 F. Supp. 1487 (S.D.N.Y. 1987).

4.  Any and all relief not specifically addressed herein, including punitive damages, is
    denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each
claim:

| | |
|---|---|
| Initial claim filing fee | = $375.00 |

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to
the member firms that employed the associated persons at the time of the events giving
rise to the dispute.  Accordingly, Fiserv Securities, Inc. is a party.

| | |
|---|---|
| Member surcharge | = $2,250.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $4,000.00 |

Member fees are assessed to each member firm that is a party in these proceedings or to
the member firms that employed the associated persons at the time of the events giving
rise to the dispute.  Accordingly, Federal Street Investments, Inc. is a party.

| | |
|---|---|
| Member surcharge | = $2,250.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $4,000.00 |

Member fees are assessed to each member firm that is a party in these proceedings or to
the member firms that employed the associated persons at the time of the events giving
rise to the dispute.  Accordingly, Salomon Grey Financial Corp. is a party.

| | |
|---|---|
| Member surcharge | = $2,250.00 |
| Pre-hearing process fee | = $ 750.00 |

NASD Dispute Resolution
Arbitration No. 02-06557
Award   Page 5 of 7

Hearing process fee                                              = $4,000.00

## Adjournment Fees

Adjournments granted during these proceedings for which fees were assessed:

December 2-6, 2003, joint adjournment request              = Waived

## Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted.  A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less.  Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Four (4) Pre-hearing sessions with Panel @ $1,200.00 | | | = $ 4,800.00 |
| Pre-hearing conferences: | June 6, 2003 | 1 session | |
| | July 25, 2003 | 1 session | |
| | October 15, 2003 | 1 session | |
| | February 9, 2004 | 1 session | |
| | | | |
| Eight (8) Hearing sessions @ $1,200.00 | | | = $ 9,600.00 |
| Hearing Dates: | July 7, 2004 | 2 sessions | |
| | July 8, 2004 | 2 sessions | |
| | July 9, 2004 | 2 sessions | |
| | July 12, 2004 | 2 sessions | |
| Total Forum Fees | | | = $14,400.00 |

1.  The Panel has assessed $7,200.00 of the forum fees jointly and severally against Claimants.
2.  The Panel has assessed $7,200.00 of the forum fees against Respondent Salomon Grey.

## Administrative Costs

Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services.  These include, but not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

1.  Respondent Federal Street requested administrative services        = $15.00

NASD Dispute Resolution
Arbitration No. 02-06557
Award    Page 6 of 7

## Fee Summary

1.  Claimants are jointly and severally liable for:
    Initial Filing Fee                               = $    375.00
    Forum Fees                                       = $ 7,200.00
    Total Fees                                       = $ 7,575.00
    Less payments                                    = $ 1,575.00
    Balance Due NASD Dispute Resolution              = $ 6,000.00

2.  Respondent Fiserv is solely liable for:
    Member Fees                                      = $ 7,000.00
    Total Fees                                       = $ 7,000.00
    Less payments                                    = $ 7,000.00
    Balance Due NASD Dispute Resolution              = $      0.00

3.  Respondent Federal Street is solely liable for:
    Member Fees                                      = $ 7,000.00
    Administrative Costs                             = $     15.00
    Total Fees                                       = $ 7,015.00
    Less payments                                    = $ 4,155.00
    Balance Due NASD Dispute Resolution              = $ 2,860.00

4.  Respondent Salomon Grey is solely liable for:
    Member Fees                                      = $ 7,000.00
    Forum Fees                                       = $ 7,200.00
    Total Fees                                       = $14,200.00
    Less payments                                    = $ 7,000.00
    Balance Due NASD Dispute Resolution              = $ 7,200.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 02-06557
Award    Page 7 of 7

## ARBITRATION PANEL

Richard D. Jordan          -        Public Arbitrator, Presiding Chairperson
Missy D. Margolis          -        Public Arbitrator
Dennis M. Cronin, Jr., Esq.  -      Non-Public Arbitrator

### Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil
Practice Law and Rules, that I am the individual described herein and who executed this
instrument is which is my award.

_____                    09-18-04
Richard D. Jordan                                   Signature Date
Public Arbitrator, Presiding Chairperson


_____                    _____
Missy D. Margolis                                   Signature Date
Public Arbitrator


_____                    _____
Dennis M. Cronin, Jr., Esq.                         Signature Date
Non-Public Arbitrator


        August 25, 2004
Date of Service  (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 02-06557
Award    Page 7 of 7

## ARBITRATION PANEL

| Richard D. Jordan | - | Public Arbitrator, Presiding Chairperson |
| Missy D. Margolis | - | Public Arbitrator |
| Dennis M. Cronin, Jr., Esq. | - | Non-Public Arbitrator |

**Concurring Arbitrators' Signatures**

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil
Practice Law and Rules, that I am the individual described herein and who executed this
instrument is which is my award.

_____

Richard D. Jordan
Public Arbitrator, Presiding Chairperson

_____            _____

Signature Date

_____

Missy D. Margolis
Public Arbitrator

_____            _____

Signature Date

_____            _August 18, 2004_

Dennis M. Cronin, Jr., Esq.            Signature Date
Non-Public Arbitrator

_____August 25, 2004_____

Date of Service  (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 02-06557
Award   Page 7 of 7

## ARBITRATION PANEL

Richard D. Jordan                    -        Public Arbitrator, Presiding Chairperson
Missy D. Margolis                    -        Public Arbitrator
Dennis M. Cronin, Jr., Esq.    -        Non-Public Arbitrator

## Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument is which is my award.

_____                          _____
Richard D. Jordan                                             Signature Date
Public Arbitrator, Presiding Chairperson

_____                          _____
Missy D. Margolis                                            Aug. 16 2004
Public Arbitrator                                                Signature Date

_____                          _____
Dennis M. Cronin, Jr., Esq.                            Signature Date
Non-Public Arbitrator

_____
August 25, 2004
Date of Service (For NASD Dispute Resolution use only)